IN THE CIRCUIT COURT OF THE 5TH JUDICIAL CIRCUIT,
IN AND FOR MARION COUNTY, FLORIDA

CASE NUMBER: 06-1148-CAG

SANTOS RUIZ and AGRIPINA BORJAS MIRALDA, individually, And SANTOS RUIZ, as administrator and personal representative of the Estate of Nelson Ruiz, and on behalf of and as legal guardian Of the minor Nelson Xavier Ruiz

Plaintiffs,

v.

VANGUARD CAR RENTAL, USA, INC., a Delaware corporation; VANGUARD RENTAL (BELGIUM) INC., a Florida Corporation; NATIONAL RENTAL (US), INC., f/k/a NATIONAL CAR RENTAL, a Delaware corporation; ALAMO FINANCING, LP, a foreign Limited partnership; ALAMO RENT-A-CAR (CANADA) INC., a Florida Corporation; and Gregory Davis

Defendants

FILED
CIRCUIT CIVIL
06 MAY 25 PM 12:35
DAVID R. ELLSPERMANN
CLERK CIRCUIT COURT

COMPLAINT

Come now, Santos Ruiz and Agripina Borjas Miralda, individually as surviving parents, and Santos Ruiz as personal representative of the Estate of Nelson Ruiz, and on behalf of the Minor child, Nelson Xavier Ruiz, and file this their Complaint in the above matter, respectfully showing the Court as follows:

1. This is an action for wrongful death that exceeds $15,000.00, resulting from a collision of several motor vehicles, which occurred on February 2, 2005 in Marion County,

Florida. Venue is proper in Marion County and this Court has jurisdiction over this matter and all parties.

2. . On the above date Defendant Gregory Davis was a non-resident operator of a vehicle and is therefore subject to the jurisdiction and venue of this Court pursuant to Florida Statutes 48.171. Pursuant to this provision, he has appointed the Secretary of State of Florida to receive service of process. On this date, Defendant Gregory Davis was operating a 2004 Dodge Stratus northbound on State Road 93, in Marion County, Florida, when he negligently and recklessly attempted to change lanes, thereby colliding with a vehicle operated by Antonio Perez Martinez.

3. As a direct and proximate result of his own negligence, Davis lost control of the vehicle, recklessly swerving the vehicle into traffic, causing it to strike the left side of the vehicle operated by Decedent Jose Garcia ("Garcia"), and occupied by Israel Juarez and Decedent Nelson Ruiz ("Ruiz").

4. As a direct and proximate result of the unforeseen impact proximately caused by the negligence of Defendant Davis, Garcia lost control of his vehicle causing it to rotate clockwise toward the shoulder of the highway, ultimately striking a tree, causing the front end of the vehicle to separate from the passenger compartment.

5. The collision and resulting impact and trauma, proximately caused by the negligence of Defendant Davis, directly resulted in the wrongful death of both Ruiz and Garcia.

6. Nelson Ruiz is survived by his father, Plaintiff Santos Ruiz, his mother, Agripina Borjas Miralda, plaintiffs herein, and his minor son Nelson Xavier Ruiz. At the time of his death, Deceased Nelson Ruiz was not married.

7. On December 14, 2005, Santos Ruiz was appointed administrator of the estate of Nelson Ruiz by the Probate Court of Gwinnett County, State of Georgia.

8. Vanguard Car Rental, USA Inc., is a Delaware corporation, registered to do business in the State of Florida, whose registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. It was, at all times material herein, a statutory owner, pursuant to Florida's Financial Responsibility Law, Chapter 324, of the 2004 Dodge which it voluntarily leased to Defendant Gregory Davis. It is liable to Plaintiff pursuant to section 324.021 (9) (b) (2), Florida Statutes (2005).

9. Vanguard Rental (of Belgium) Inc., is a Florida corporation whose registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. It was, at all times material herein, a statutory owner, pursuant to Florida's Financial Responsibility Law, Chapter 324, of the 2004 Dodge involved in the accident that forms the basis of this lawsuit, which was voluntarily leased to Defendant Gregory Davis. It is therefore liable to Plaintiff pursuant to section 324.021 (9) (b) (2), Florida Statutes (2005).

10. National Car Rental (US), Inc., f/k/a National Car Rental, is a Delaware corporation whose registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. It was, at all times material herein, a statutory owner, pursuant to Florida's Financial Responsibility Law, Chapter 324, of the 2004 Dodge involved in the accident that forms the basis of this lawsuit, which was voluntarily leased to Defendant Gregory Davis. It is therefore liable to the Plaintiff pursuant to section 324.021 (9) (b) (2), Florida Statutes (2005).

11. Alamo Financing, LP, is a foreign limited partnership whose registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. It was, at all times material herein, a statutory owner, pursuant to Florida's Financial Responsibility Law, Chapter 324, of the 2004 Dodge involved in the accident that forms the basis of this lawsuit, which was voluntarily leased to Defendant Gregory Davis. It is therefore liable unto Plaintiff pursuant to section 324.021 (9) (b) (2), Florida Statutes (2005).

12. Alamo Rent-a-Car (Canada), Inc., is a Florida corporation whose registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. It was, at all times material herein, a statutory owner, pursuant to Florida's Financial Responsibility Law, Chapter 324, of the 2004 Dodge involved in the accident that forms the basis of this lawsuit, which was voluntarily leased to Defendant Gregory Davis. It is therefore liable unto Plaintiff pursuant to section 324.021 (9) (b) (2), Florida Statutes (2005).

13. As a direct and proximate result of the accident and subsequent death of their son, Plaintiffs Santos Ruiz and Agripina Borjas Miralda, have suffered and continue to suffer mental pain and suffering for which all Defendants are liable pursuant to section 768.21, Florida Statutes( 2005).

14. As a direct and proximate result of the accident and subsequent death of their son, Plaintiffs Santos Ruiz and Agripina Borjas Miralda have suffered the loss of the services and support of their son as well as the loss of his companionship and protection for which all Defendants are liable pursuant to section 768.21, Florida Statutes (2005).

15. As a direct and proximate result of the accident and subsequent wrongful death of his father, Plaintiff, Nelson Xavier Ruiz has lost the support and services of his father, for which all Defendants are liable pursuant to section 768.21, Florida Statutes, (2005).

16. As a direct and proximate result of the accident and subsequent death of his father, Plaintiff Nelson Xavier Ruiz has suffered and will continue to suffer mental pain and anguish, for which all Defendants are liable pursuant to section 768.21, Florida Statutes (2005).

17. As a direct and proximate result of the accident and subsequent wrongful death of his father, Plaintiff Nelson Xavier Ruiz has suffered the loss of companionship, instruction and guidance of his father, for which all defendants are liable pursuant to section 768.21, Florida Statutes (2005).

18. As a direct and proximate result of the accident and subsequent wrongful death of Nelson Ruiz, proximately caused by the negligence of Defendant Davis, all Defendants are also liable to the Plaintiff Santos Ruiz for the medical, funeral and other out of pocket expenses he has incurred, pursuant to section 768.21, Florida Statutes (2005).

19. As a direct and proximate result of the accident and subsequent wrongful death of Nelson Ruiz, proximately caused by the negligence of Defendant Davis, all Defendants are liable to the Plaintiff Santos Ruiz, as the personal representative of his son's estate, for the loss of the reasonable prospective net accumulations of the estate during his life expectancy pursuant to section 768.21, Florida Statutos (2005).

20. Upon information and belief, defendant Davis was, at the time of the accident which forms the basis of this litigation, operating his vehicle while impaired either due to drug or alcohol intake, so as to exhibit a conscious disregard for the consequences or gross

negligence. Accordingly, all Defendants are liable to plaintiffs for punitive damages, in accordance with section 768.72, Florida Statutes (2005).

WHEREFORE, Plaintiffs respectfully pray as follows:

(a) That all Defendants be served with process as provided by law;

(b) That Plaintiffs have Judgment against all defendants, jointly and severally, in an amount to be determined by a fair and impartial jury; for the expected economic accumulations which the Decedent would have received, for mental pain and suffering, for the expenses associated with his death, for loss of support and services, and for punitive damages.

(c) That all costs of this action be cast upon the Defendants;

(d) That Plaintiffs have trial by jury as to all issues raised by this Complaint;

(e) That Plaintiffs have such other and further relief as this Court deems just and proper.

LAW OFFICES OF RICHARD W. SUMMERS, P.C.

By: Richard W. Summers
Attorney for Plaintiff
Georgia Bar Number: 692025 and Pro Hac Vice

460 East Paces Ferry Road
Atlanta, Georgia 30305
(404) 842-1404